## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY

FILED

2008 JUL 10 P 1:04

GERALD E. FUERST
CLERK OF COURTS
CUYAHOGA COUNTY

MICHAEL KOVACIC, as Executor of the ) CASE NO.
Estate of Danielle Kovacic )
8402 Sharp Lane ) JUDGE
Chesterland, Ohio 44026 )
 )
 )
        Plaintiff, )
 )
 )
    -vs- )
 ) Judge: LILLIAN J GREENE
 )
CLARK RETAIL ENTERPRISES, INC. ) CV 08 664494
c/o Statutory Agent )
Csc Lawyers Incorporating Service )
50 W. Broad Street Suite 1800 )
Columbus, Ohio 43215 )
 )
 )
 )
        and ) **COMPLAINT**
 )
OT 13, L.L.C. ) (Refiled from Case No.: CV 02-462593)
c/o Statutory Agent )
Csc Lawyers Incorporating Service )
50 W. Broad Street Suite 1800 )
Columbus, Ohio 43215 )
 )
        and )
 )
HERMAN ALLEN )
9545 Midwest Avenue )
Cleveland, Ohio 44125 )
 )
        and )
 )
INNOVATIONS HAIR & SKIN CARE )
PRODUCTS, INC. )
c/o Statutory Agent William Mitchell )
45 West Prospect Avenue Suite 1750 )
Cleveland, Ohio 44115 )
 )
        Defendants. )

Now comes Plaintiff, by and through counsel, and for her complaint against the Defendants, states as follows:

## PARTIES

1. Plaintiff Michael Kovacic, is the duly appointed Executor of the Estate of Danielle Kovacic, deceased, and brings this action for the benefit of all next of kin pursuant to O.R.C. § 2125.02. Letters of Appointment are attached hereto and marked as Exhibit "A1".

2. At all times relevant, Defendant Clark Retail Enterprises, Inc., (hereinafter "Defendant Clark Retail"), was a Delaware Corporation with its principal place of business in Glen Ellyn, Illinois and doing business within Cuyahoga County, Ohio.

3. At all times relevant, Defendant Clark Retail, based upon reasonable belief, was the owner and operator of the Clark Oil Service Station located at 8247 Mayfield Road, Chesterland, Ohio.

4. At all times relevant, Defendant OTG 3, L.L.C., (hereinafter "Defendant OTG"), was a Delaware Corporation with its principal place of business in Glen Ellyn, Illinois and doing business in the State of Ohio.

5. At all times relevant, Defendant OTG, based upon reasonable belief, was a corporate entity in control of the Clark Oil Service Station located at 8247 Mayfield Road, Chesterland, Ohio.

6. At all times relevant, Defendant Herman Allen (hereinafter "Defendant Allen"), was and is a resident of Cleveland, Cuyahoga County, Ohio, and was the owner and operator of Innovations Hair & Skin Products, formerly known as Innovations Diagnostic Hair & Skin Salon, Inc. (hereinafter "Innovations Hair").

7. At all times relevant, based upon reasonable belief, Innovations Hair is a hair and skin salon with its principal place of business in Cleveland Heights, Ohio.

8. At all times relevant, based upon reasonable belief, Innovations Hair was an Ohio corporation with its principal place of business in Cleveland Heights, Cuyahoga County, Ohio.

9. At all times relevant, Billie and Halford Elston, were the legal guardians and foster parents of Marcus Moorer, who at all times relevant was a minor under the age of eighteen (18).

10. At all relevant times, Marcus Moorer resided at the residence and in the foster care of Billie and Halford Elston at 9090 Mulberry Road, Chesterland, Ohio.

2

11. Marcus Moorer met Wesley A. Pearson while Pearson was also residing at the residence and in the foster care of Billie and Halford Elston at 9090 Mulberry Road, Chesterland, Ohio.

12. Wesley A. Pearson is a former employee of Defendants Clark Retail and OTG, and worked as a clerk at the Clark Station, and was familiar with the inadequate safety and security measures available and utilized to protect the Clark Station employees.

13. Marcus Moorer is a former employee of Innovations Hair.

14. Defendant Allen owned an unregistered .38 caliber hand gun, serial number 571125 and kept the aforementioned firearm in an unlocked drawer at his business, Innovations Hair.

15. Marcus Moorer obtained, from the above mentioned unlocked drawer, and utilized said handgun in the commission of various crimes including the murder of Plaintiff's decedent on February 18, 2000.

## FACTUAL

16. On February 18, 2000, Plaintiff's decedent, Danielle Kovacic, was working as a clerk at the Clark Oil Service Station located at 8247 Mayfield Road, Chesterland, Ohio.

17. On the evening of February 18, 2000, Rachel Cogswell, a friend of the Decedent, arrived at the aforementioned Clark Station to provide Plaintiff's decedent a ride home when the service station closed at or about 11:00 p.m.

18. On the evening of February 18, 2000, Moorer and Pearson entered the aforementioned Clark Oil Service Station as Jillian Holder stood lookout outside the Service Station building. Moorer shot and killed Davielle Kovacic and shot and wounded Rachel Cogswell, while Pearson emptied the money from the cash register. Holder then drove Moorer, Pearson, and herself away from the Service Station.

19. Plaintiff's decedent, Danielle Kovacic died from the gun shot wounds in the early morning hours of February 19, 2000.

20. Moore plead guilty for the murder of Danielle Kovacic, attempted murder of Rachel Cogswell, and robbery of the Clark Station.

21. Wesley plead guilty for the murder of Danielle Kovacic, attempted murder of Rachel Cogswell, and robbery of the Clark Station.

3

22. Holder was convicted of the murder of Danielle Kovacic, attempted murder of Rachel Cogswell, and robbery of the Clark Station.

## COUNT I
### (Employer Intentional Tort)

23. Plaintiff incorporates by reference each and every statement and allegation contained in the foregoing Paragraphs of the Complaint as if fully rewritten at length herein.

24. At all times relevant, Plaintiff's decedent, Danielle Kovacic, was employed by Defendant Clark Retail and/or Defendant OTG and she was assigned to the Clark Station on February 18, 2000.

25. The Clark Station was owned and operated by Defendant Clark Retail, and Defendant OTG. For the purpose of simplification, the above mentioned defendants shall hereinafter be referred to collectively as the "Defendant Employers".

26. At the time of, and for a substantial time prior to February 18, 2000, Defendant Employers their agents and/or employees knew with substantial certainty that the aforementioned service station, without appropriate and adequate security measures, was dangerous and created an inherently dangerous situation by removing and/or incapacitating various security mechanisms and failed to institute adequate security measures at the subject Clark Station.

27. Defendant Employers negligently and/or recklessly failed to conduct an adequate background investigation before hiring Wesley A. Pearson and coupled with the insufficient security measures caused an inherently dangerous situation to exist.

28. Defendant Employers were aware of previous criminal acts which occurred at the aforementioned Clark Station and other similarly situated service stations which should have placed Defendant Owners and Operators on notice of the inherently dangerous situation which Decedent Danielle Kovacic was exposed.

29. Despite Defendant Employers and their agents and/or employees knowledge as set forth above, Defendant Employers did not take appropriate action to train Danielle Kovacic and further failed to provide adequate security to protect clerk employees at the aforementioned Clark Oil Service Station.

30. Decedent Danielle Kovacic died due to the intentional acts and/or omissions of Defendant Employers and their agents and/or employees which created and/or maintained unsafe

4

condition, did not eliminate it, did not warn and/or instruct against it, and thereby and otherwise negligently, recklessly, maliciously, willfully, wantonly and/or intentionally exposed Decedent Danielle Kovacic to the inherently dangerous condition which constitutes an employer intentional tort claim under the laws of the state of Ohio.

31. The negligent, reckless, malicious, willful, wanton and/or intentional acts and/or omissions of Defendant Employers and their agents and/or employees constitute a conscious disregard for safety and for the rights of the Decedent, Danielle Kovacic.

32. As a direct and proximate result of the intentional, reckless, willful, wanton and/or negligent acts and/or omissions of Defendant Employers and their agents and/or employees the Decedent Danielle Kovacic suffered a premature death, fatal injuries, and conscious pain and suffering. In addition, the Decedent suffered a reduction in her life expectancy and loss of enjoyment of life.

33. As a further and direct and proximate result of the intentional, reckless, willful, wanton and/or negligent acts and/or omissions of Defendant Employers and their agents and/or employees, the beneficiaries of the Decedent have lost her love, society, companionship, comfort, counsel, guidance, support and association by reason of her wrongful death and are entitled to all damages allowed in R.C. § 2125.01 *et seq*.

34. As a further and direct and proximate result of the intentional, reckless, willful, wanton and/or negligent acts and/or omissions of Defendant Employers and their agents and/or employees, the beneficiaries and next of kin have suffered mental anguish, pain, suffering and bereavement, as well as other losses and pain, by reason of the Decedent's death.

35. As a further and direct and proximate result of the intentional, reckless, willful, wanton and/or negligent acts and/or omissions of Defendant Employers and their agents and/or employees, Plaintiff Michael Kovacic incurred expenses for the Decedent's funeral proceedings.

36. As a further and direct and proximate result of the intentional, reckless, willful, wanton and/or negligent acts and/or omissions of Defendant Employers and their agents and/or employees, Decedent Danielle Kovacic incurred unnecessary medical bills and expenses related to her premature death.

## COUNT II

### (Premises Liability)

37. Plaintiff incorporates by reference each and every statement and allegation contained in the foregoing Paragraphs of the Complaint as if fully rewritten at length herein.

38. At all relevant times, Defendants Clark Retail and Defendant OTG, (hereinafter referred to as "Owners and Operators") held the service station located at 8247 Mayfield Road, Chesterland, Ohio open to the public for business purposes.

39. At all relevant times, Defendant Owners and Operators possessed and exercised the power and right to admit and to exclude people to the service station located at 8247 Mayfield Road, Chesterland, Ohio.

40. At all relevant times, the Decedent Danielle Kovacic was rightfully on the premises of the aforementioned service station for purposes which Defendant Owners and Operators had a beneficial interest, as a business invitee.

41. Defendant Owners and Operator breach its duty of reasonable care owed to the Decedent Danielle Kovacic when they failed to provide adequate security measures to prevent her death.

42. The incident giving rise to the death of Danielle Kovacic was reasonably foreseeable absent Defendant Owners and Operators providing reasonable and, or adequate security to the aforementioned service station.

43. As a direct and proximate result of the reckless, willful, wanton and/or negligent acts and/or omissions of Defendant Owners and Operators and their agents and/or employees the Decedent Danielle Kovacic suffered a premature death, fatal injuries, pain and suffering. In addition, the Decedent suffered a reduction in her life expectancy and loss of enjoyment of life.

44. As a further and direct and proximate result of the reckless, willful, wanton and/or negligent acts and/or omissions of Defendant Owners and Operators and their agents and/or employees, the beneficiaries of the Decedent have lost her love, society, companionship, comfort, counsel, guidance, support and association by reason of her wrongful death.

45. As a further and direct and proximate result of the reckless, willful, wanton and/or negligent acts and/or omissions of Defendant Owners and Operators and their agents and/or employees, the beneficiaries and next of kin have suffered mental anguish, pain, suffering and

6

bereavement, as well as other losses and pain, by reason of the Decedent's wrongful death and are entitled to all damages allowed by R.C. § 2125.01 *et seq.*

46. As a further and direct and proximate result of the reckless, willful, wanton and/or negligent acts and/or omissions of Defendant Owners and Operators and their agents and/or employees, Plaintiff Michael Kovacic incurred expensed for the Decedent's funeral proceedings.

47. As a further and direct and proximate result of the reckless, willful, wanton and/or negligent acts and/or omissions of Defendant Owners and Operators and their agents and/or employees, Decedent Danielle Kovacic incurred unnecessary medical bills and expenses related to her premature death.

## COUNT III
### (Negligent Storage of firearm)

48. Plaintiff incorporates by reference each and every statement and allegation contained in the foregoing Paragraphs of the Complaint as if fully rewritten at length herein.

49. All of the injuries and damages set forth herein are the direct, proximate and/or contributing result of the negligent, reckless and/or wanton misconduct of the owners, operators and managers of Defendant Innovations Hair, and/or Herman Allen including, but not limited to, the following respects:

   a. failing to prevent an untrained and/or unauthorized person access to the unregistered handgun which could cause injuries to another;

   b. failing to prevent a minor child from having access to the unregistered handgun;

   c. in failing to exercise ordinary care in possessing, storing and keeping the unregistered handgun;

   d. in failing to exercise ordinary and/or extraordinary care in the keeping and storing of a highly dangerous instrumentality, i.e. the handgun;

   e. in failing to exercise reasonable care to prevent the death of Danielle Kovacic;

   f. failing to exercise reasonable care when safeguarding a deadly weapon when harmful consequences could reasonably be foreseen;

   g. in failing to prevent a person with a known criminal history access to said handgun;

7

    h.    in failing to notify the police that the handgun was stolen and, or no longer in his possession prior to the shooting.

50. Defendant Innovations Hair and/or Herman Allen were further negligent and/or reckless in hiring Marcus Moorer and Defendants knew or should have known had a criminal history. That said negligence and/or recklessness resulted in Marcus Moorer's obtaining said handgun which was used to murder Danielle Kovacic.

51. As a direct, proximate, and/or contributing result of the negligent, reckless and/or wanton misconduct of Defendants Innovations Hair and/or Herman Allen, the Decedent Danielle Kovacic suffered a premature death, fatal injuries, and conscious pain and suffering. In addition, the Decedent suffered a reduction in her life expectancy and loss of enjoyment of life.

52. As a further and direct, proximate, and/or contributing result of the negligent, reckless and/or wanton misconduct of Innovations Hair and/or Herman Allen, the beneficiaries of the Decedent have lost her love, society, companionship, comfort, counsel, guidance, support and association by reason of her wrongful death and are entitled to all damages allowed by R.C. § 2125.01 et seq.

53. As a further direct, proximate, and/or contributing result of the negligent, reckless and/or wanton misconduct of Defendants Innovations Hair and/or Herman Allen, the beneficiaries and next of kin have suffered mental anguish, pain, suffering and bereavement, as well as other losses and pain, by reason of the Decedent's death.

54. As a further direct, proximate, and/or contributing result of the negligent, reckless and/or wanton misconduct of Innovations Hair and/or Herman Allen, Plaintiff Michael Kovacic incurred expenses for the Decedent's funeral proceedings.

55. As a further direct, proximate, and/or contributing result of the negligent, reckless and/or wanton misconduct of Innovations Hair and/or Herman Allen, Decedent Danielle Kovacic incurred unnecessary medical bills and expenses related to her premature death.

## COUNT IV
### (Wrongful Death)

56. Plaintiff incorporates by reference each and every statement and allegation contained in the foregoing Paragraphs of the Complaint as if fully rewritten at length herein.

57. Michael Kovacic is the father of Danielle Kovacic, deceased, and is the duly appointed Executor of the Estate of Danielle Kovacic.

58. Michael Kovacic brings this action pursuant to Revised Code § 2125.01 *et seq.* for the benefit of the next of kin and beneficiaries of the Estate of Danielle Kovacic.

59. As a direct and proximate result of the death of the Decedent, Danielle Kovacic, Plaintiff Michael Kovacic and other next of kin have been caused to suffer the loss of society, consortium, companionship, and support of Danielle Kovacic, deceased.

60. Plaintiff Michael Kovacic incurred expensed for the Decedent's funeral proceedings.

61. Plaintiff further alleges that, as a direct and proximate cause of the intentional, reckless, willful, wanton, and/or negligent acts of the Defendants, jointly and severally, the beneficiaries of the Decedent have lost her love, society, companionship, comfort, counsel, guidance, support and association by reason of her wrongful death.

62. Further, the beneficiaries and next of kin have suffered mental anguish, pain, suffering and bereavement, as well as other losses and pain, by reason of the Decedent's death.

## COUNT V

### (Survivorship Claim)

63. Plaintiff incorporates by reference each and every statement and allegation contained in the foregoing Paragraphs of the Complaint as if fully rewritten at length herein.

64. By reason of the intentional, reckless, willful, wanton and/or negligent acts and/or omissions of Defendants and their agents and/or employees and as a direct and proximate result thereof, the Decedent Danielle Kovacic suffered a premature death, fatal injuries, pain and suffering. In addition, the Decedent suffered a reduction in her life expectancy and loss of enjoyment of life.

65. As a direct and proximate result of the intentional, reckless, willful, wanton, and/or negligent acts and/or omissions of the Defendants, Decedent Danielle Kovacic incurred unnecessary medical bills and expenses related to her premature death.

## COUNT VI

### (Spoliation Claim)

66. Plaintiff incorporates by reference each and every statement and allegation contained in the foregoing Paragraphs of the Complaint as if fully rewritten at length herein.

67. At all times relevant herein, Defendant Clark Retail and Defendant OTG collectively as the "Defendant Employers," knew probable litigation would commence as a result of the death the Decedent Danielle Kovacic on the evening of February 18, 2000.

68. The initial Complaint herein was filed on or about February 13, 2002.

69. Prior to the said filing or shortly thereafter, the Defendant Employers' willfully and wantonly destroyed, altered, disposed of, concealed, and/or failed to preserve evidence and documents relevant and discoverable in the instant case.

70. Defendant Employers' willful concealment and/or destruction of evidence was for the purpose of disrupting the Plaintiff's ability to prove her claims.

71. Defendant Employers' conduct disrupted Plaintiff's ability to prove his claims.

72. As a direct and proximate result of Defendant Employers' willful acts and/or omissions, the within action has been disrupted and as a consequence, Plaintiff has sustained resulting damages and will continue to sustain such into the indefinite future.

**WHEREFORE**, Plaintiff Michael Kovacic, on behalf of the Estate of Decedent Danielle Kovacic and its beneficiaries, demands as follows:

As to Count I, Plaintiff demands judgment against Defendants Clark Retail Enterprises, Inc. and OTG 3, Inc., jointly and severally, in compensatory damages in excess of Twenty-five Thousand Dollars ($25,000.00) and in excess of Twenty-five Thousand Dollars ($25,000.00) in punitive damages.

As to Count II, Plaintiff demands judgment against Defendants Clark Retail Enterprises, Inc. and OTG 3, Inc., jointly and severally, in compensatory damages in excess of Twenty-five Thousand Dollars ($25,000.00) and in excess of Twenty-five Thousand Dollars ($25,000.00) in punitive damages.

As to Count III, Plaintiff demands judgment against Defendants Herman Allen and Innovations Hair & Skin Care Products, Inc., formerly known as Diagnostic Hair and Skin Salon, Inc., jointly and severally, in compensatory damages in excess of Twenty-five Thousand Dollars ($25,000.00) and in excess of Twenty-five Thousand Dollars ($25,000.00) in punitive damages.

As to Count IV, Plaintiff demands judgment against all Defendants, jointly and severally, in compensatory damages in excess of Twenty-five Thousand Dollars ($25,000.00) and in excess of Twenty-five Thousand Dollars ($25,000.00) in punitive damages.

10

As to Count V, Plaintiff demands judgment against all Defendants, jointly and severally, in compensatory damages in excess of Twenty-five Thousand Dollars ($25,000.00) and in excess of Twenty-five Thousand Dollars ($25,000.00) in punitive damages.

As to Count VI, Plaintiff demands judgment against all Defendants, jointly and severally, for punitive damages of an amount in excess of twenty five thousand dollars ($25,000.00) pursuant to Smith v. Howard, 67 Ohio St. 3d 28; 615 N.E.2d 1037 (1993).

                Respectfully submitted,

                **CHARLES V. LONGO CO., L.P.A.**

CHARLES V. LONGO (0029490)
MATTHEW D. GREENWELL (0077883)
25550 Chagrin Blvd., Suite 320
Beachwood, Ohio 44122
216-514-1919
216-593-0914 (facsimile)
cvlongo@cvlongolaw.com
matt@cvlongolaw.com

Attorneys for Plaintiff

11

00PE00382

# CERTIFICATE OF APPOINTMENT OF ADMINISTRATOR

**THE STATE OF OHIO**
**Geauga County, ss.**                    In the Probate Court of said County

    I, CHARLES E. HENRY, Judge and Clerk of the Probate Court, (a Court of Record), within and for said County, do hereby certify that on the **1ST** day of **SEPTEMBER, 2000** A.D., **MICHAEL KOVACIC** was duly appointed and qualified as **ADMINISTRATOR** of the estate of **DANIELLE KOVACIC**, deceased, late of **CHESTER** township, in said County, and that **HE** still lawfully remains in the full discharge of **HIS** duties as said **ADMINISTRATOR**. All of which appears by record of said Court.

    **IN WITNESS WHEREOF,** I hereunto subscribe my name and affix the seal of said Court at Chardon, Ohio, this **1ST** day of **SEPTEMBER**, A.D. **2000**.

_____
Probate Judge

_____
Probate Clerk

PCERTAPP



PLAINTIFF'S EXHIBIT A